Please be seated. Would the clerk call the last case, please? Case number 3-17-0252, People of the State of Illinois, Acme, by Gary Benedict v. Charles Wise, upon by Stephen Vero. Mr. Vero, good afternoon. Good afternoon, Justice. I'm Steve Vero, Acme Public State Attorney, 3rd District, for the defendant, Charles Wise. May I please report? I've raised two issues in this case. First, that my client was not proven guilty of the aggravation of doubt upon the loss of possession of a weapon by a felon. And second, that he's entitled to an additional day of sentencing credit. This case is conceded on the second issue, so I'll just be talking about the first issue as much as I can accept questions. And I'll try to answer questions on it. In this case, the facts are, the material facts are essentially undisputed. My client was on a trip on a day in question from Louisville, Kentucky, to Cedar Rapids, Iowa. And as he was driving through the State of Illinois, at all times, he was in the driver's seat. And there was a firearm in the third row back seat of the minivan that he was driving. Now, an officer testified that it was impossible for him to reach it from the driver's seat. And based on the statutory language, the plain statutory language of the unlawful possession of a firearm by a felon statute, my client was not guilty of the offense in this case, because he did not possess the weapon, honor it by its person, upon its land, or in its abode, or fixed place of business. And so, in terms of the language of the statute, the honor by its person language is language that was used in the armed violence statute previous to the enactment of the unlawful possession of a weapon by a felon statute. And in that statute, what the language was interpreted to mean was that the person had to have the gun within arm's reach in order to be guilty of armed violence. They had to have the gun within arm's reach when they committed another crime. So, by using the same operative language, and taking that same operative language from the armed violence statute, and placing it into the later enacted unlawful possession of a weapon by a felon statute, it's clear that the legislature intended for a defendant only to be guilty of unlawful possession of a weapon by a felon if they have the gun, honor it by its person, or within arm's reach. Or, they also added in this particular statute that it could be on the land, or in their own abode, or fixed place of business, but the operative, important language here is honor it by its person. And the important language that's not in it is in a car? That's correct, absolutely. And it's interesting that you come to object to this, because there is another statute that does have that language. The aggravated unlawful use of a weapon statute specifically prohibits a person from possessing a weapon, quote, in any vehicle. And there's a portion of that statute that applies to people who do not have Ford cars, and there's additionally a sentencing enhancement portion of that statute that applies to people who have car felony convictions. So, the different language used in that statute clearly shows that this unlawful possession of a weapon by a felon statute is different. The legislature could have used the language in any vehicle, but they did not say anything about it in any vehicle in the unlawful possession of a weapon by a felon statute. We also have a number of other statutes that would not require the unlawful possession of a weapon by a felon statute that use the language, that have been actually defined for certain groups of people. Those include people who are narcotic addicts, inflicts with disabled people, or people who are patients in the medical institution for the last five years. And those statutes just simply say that a person of that class is guilty of the offense if they have any firearm or firearm ammunition in their possession. Finally, in the same statute, in the same public act in 1984 that enacted the unlawful possession of a weapon by a felon statute, the legislature also enacted a subsection of the unlawful possession of a firearm or firearm ammunition statute similar to those other statutes that had a blanket ban where a person has been convicted of a felony and has any firearm or firearm ammunition in his possession. So clearly, it's a different language in the statute issued in this case, the unlawful possession of a firearm by a felon statute. So, in addition to the plain language, we can look at all these other statutes and see that this statute is different. It has a different meaning. It requires the proof that a defendant possessed a weapon or firearm against a person. And in this case, it's clear that my client did not do so as he was driving to his state of Illinois because, as the police officer testified, it was impossible for him to reach the gun in the driver's seat. There is a similar case law that supports my position here. Specifically, Clive Calder and Woodworth, I discussed that case law in page 14 of 17 of my brief. Those cases did consider whether the evidence was sufficient to prove that the gun was on or off the defendant's person. Both of those cases affirmed convictions, but because the gun was within our reach, Woodworth specifically said the key is within one's reach. The language of that indicates that within reach is the proper way to interpret this statute. What about the Jastrzemski case where the gun was actually under the foot of the car, right? Yes, that's correct. That case incorrectly interpreted the language of the statute. In another case of that sort in my brief, Peoples-Henderson, it shows that that case has been heavily criticized by a number of cases from various jurisdictions. I cited the case with the butt-seat sumo. I think there were five other cases that I cited that disagreed with that interpretation. So that case was simply wrong. I've also argued that it's distinguishable because in most cases, it is possible to, unlike this case, while my client was in the state of Illinois, the evidence indicates that he was not in conflict with the gun. But potentially, one way to distinguish that case is that maybe an inference could have been created that that person put the gun there while that person was in the state of Illinois, whereas that inference could not be made in this particular case. But overall, that statute, that case, is not so heavily criticized. There's some evidence your guy was in the back seat near the gun at one time. That is correct. However, when that occurred, he was in either Kentucky or Indiana. And the testimony is that there were three people in the car. And none of them said that my client was in the back seat. My client said he was not in the back seat, except for one. And that was the guy who was sitting in the front passenger seat said that my client, for a time, was sitting in the back seat near where the gun was. But it was only for 20 miles of the drive. And in my reply brief, I asked this court to take judicial notice of some Google Maps, some Google Maps that show that there's no possible way to get from Louisville, Kentucky to Illinois within 20 miles. And there's also some testimony about 10 minutes maybe he was driving. It's also not possible to get to Illinois in 10 minutes. Actually, at the time the car was stopped, wasn't there someone else who was in that last seat with the gun? Yes, that's correct. There was a third passenger. So there was one in my client's driver's seat. There was a front seat passenger. And then there was a back seat passenger who was sitting in. The van had three rows of seating, two bucket seats, and then a row of bench seating, and another row of bench seating. And the guy in the back was in the last row of bench seating and the gun was... The third row. The third row, yes. And the gun was sitting right next to where he was. So does this statute require possession? The Unlawful Possession of a Walk-On Statute? Yes. Yes, it requires possession either on a person's land or in their afforded or exploited business, or at any other location where they possess it, if it's only at the car, about their person, or within the property. There is actual and constructive possession, correct? I'm sorry? There is actual and then constructive possession. Yes, those are two new concepts. Certainly, actual and constructive possession can apply in many cases. They would apply to the client's land portion of the statute or in an afforded or exploited business portion of the statute, but constructive possession would not apply. I mean, it wouldn't apply because the Honor About a Person Statute pretty much prevents that from someone being convicted and guns within arm's reach. Well, it also requires exclusive possession and control. And there's somebody back there with it who's not the defendant. That's correct. That's correct. At this time, that would conclude what I have for my opening remarks. So, unless this Court has any questions, I would ask this Court to reverse my comments in relation to the law possession of a property by Congress. Are there other questions? No.  Thank you, Mr. Vero. Thank you, Your Honor. Mr. Genetovic? Mr. Genetovic? So, what do you have here? You've got it pretty far away from the driver's seat. Yes. You've got another person sitting back there. Yep. And we have the phraseology in the statute on Honor About a Person. Okay. And some cases that say that, with respect to constructive possession, first of all, a question of knowledge. I don't think there's any question of the fact that the defendant had knowledge. The evidence is that he admitted he knew the gun was there. He knew who bought the gun. He asked to borrow his brother's car. He was in control of the car. He was the driver. Okay? So, on the question of knowledge, he knew the gun was there. It's about his person. Okay. That's, okay. Based on the case law, when we look at constructive possession, they talk about the fact that, and constructive possession gets into the element or the aspect of control. Because, with constructive possession, the defendant has control over the area where the contraband is found, and he has to have knowledge of it. Right? And as he points out, those are cases dealing with homes. Well, except a car kill. A car kill wasn't a home. A car kill was a car. That's one that's been heavily criticized. Hmm. No. I don't think so. Or is that the other one? Yeah, just trying to get at it. Exactly. Yeah. But when you look at control, evidence demonstrates the defendant has an intended capability to maintain control. And this applies to contraband that is discovered in a vehicle that is in exclusive possession of the driver, but even if, number one, someone else possessed the vehicle earlier and could have placed the item in the vehicle, and also, number two, even if the defendant was a passenger. So the fact that there was a passenger sitting in the back doesn't destroy the defendant's possession of the weapon. You don't have to be necessary. Clodfelter, the way Clodfelter described the issue, and I'm quoting from him at 10.32, the question of the sufficiency of the evidence turns upon the question of whether, despite the distance of the .22 caliber rifle from the defendant, as he sat in the driver's seat, the defendant possessed the gun on or about his person. That's what the issue we have in this case. It's the same thing. Respective of the distance between where he was sitting and the possession of the gun, was the defendant, was the gun, did the defendant possess the gun on or about his person? Clodfelter held that he did. There's also a couple other cases, Rangel and Lindsey. Basically, they're talking about constructive possession. Constructive possession of the vehicle. And that's what we have in this case. When it comes to, I do want to take the brush briefly on the standard of view. The defendant is arguing the standard of view here is they don't. Even though his issue says he's questioning the sufficiency of the evidence to prove the defendant guilty of the unreasonable felon. Which, to me, is kind of asking this court to retry this case. Now, if the defendant is asking this court to interpret what on or about his person means, this court is obviously free to do that. But, once you make that determination on what that means or what it encompasses, then common standard fits in. You'll advocate to determine whether or not, whatever the evidence is here, the credibility determinations you made, etc., you'll have to determine whether the evidence satisfies whatever definition or whatever plan the court has set up with respect to about his person. What it means. But, we think that there are sufficient cases out there with respect to constructive possession that we believe the evidence that the trial judge found in this case, including the clearly rejected defense witnesses in their testimony, basically found that the defendant knew it was there, was in constructive possession of the weapon, and could hold it. Do any of the cases that you're relying on hold that if the gun is actually within the control of a different person, that constructive possession still applies to the defendant? According to what I found in the case law, even in a case where there's a passenger in the vehicle, that doesn't destroy the constructive possession. That's not exactly my question, because here, Mr. Wise is in the front driver's seat. The gun is in the third seat. There's somebody else back there with the gun. So, the question is not whether there's another passenger in the car. It's whether there's another passenger in the car who has control of the gun, if you're going to argue constructive possession. I don't think possession has to be exclusive. It says it has to be exclusive for constructive possession. I'm sorry, that's what it says. Constructive possession means it has to be exclusive? And if it has to be exclusive, then if you have, in the case where you have the person with the passenger in the car, the passenger can be just as close to the weapon as the driver, who might be the defendant. But he's not. The passenger is in the third seat in this one. So, it doesn't work. I guess I don't see a difference whether or not the gun is in the back seat, and the passenger is there. Let's even assume that the gun is on the passenger side of the back seat, on the floor. When you say back seat, you're talking about cloud flight. Yeah, okay. And if you put a passenger back on, I don't see, I guess I don't see the lack of, the lack of the inability of the defendant to possess that gun simultaneously. I don't think it has to be exclusive. It doesn't have to be within the reach. Well, in cod culture, I'm sorry about the interruption, but, am I wrong? I can't find the, isn't that the case where the person was driving, but he could get up and turn around and reach the gun, from where he was seated? I know. There wasn't a back seat. Listen, listen. The thing in cod culture was, what the court says, regardless. So whether, basically, because, what happened was, in cod culture, the defendant in cod culture cited list. It's a separate district case. And in that case, what happened was, that the gun was at the defendant's feet, on the driver's side. And of course, he tried to take it and say, well, you had to take it and say it was on, or about my person, and it wasn't about my person, because it was on the floor. And the fifth district in list basically said, well, on or about the person is basically the same thing as possession. And he possessed it. And they said reach was a key factor in that case, because you could reach it. Cod culture, on the other hand, basically, distinguished list, and basically, was trying to get away from the fact that, we don't care. We don't think on or about his person. About his person means it has to be within his reach to be about his person. Irrespective of where that weapon is, in the vehicle. If it's in the vehicle, and he's, in this case, the driver, and has knowledge of the gun's possession, then he's guilty of the offense. So, Isn't it a fact that in that case, I mean, they make some of these broader statements. They make these broader statements that you're referring to. But actually, in that case, it was pointed out that the guy could rise himself from the seat, turn around, and grab the gun. That's an actual fact in the case. I think that's a fact in the case. But, obviously the federal court didn't think that that was decisive. Didn't think that that was necessary to define about his person. Even though I know facts form the parameters of a ruling. I understand that. But you're saying that wasn't salient? It wasn't. Basically, they were trying to give an interpretation about his person. That's it. So all of these cases are appellate court cases? None of them is from the 3rd District? Ah, there was, um, no. The thing with even when they're put as a passenger, that was Milo, M-I-L-O-M, 3rd District, 1992, 224, 641, and 647. Okay. Okay, they still don't, they're not binding on us. So... Yes. When I say yes, I agree with you. Not binding on your interpretation, on how you wish to interpret it. Is there a Supreme Court decision that interprets the statute? I'm assuming that you would have cited it if there had been one. I didn't find an L.A. Supreme Court case that really addressed this particular issue on the merits. I have a couple of questions. One ties directly to that. But first, my question is, is there any, are there any cases out there that says that exclusive does not mean singular, that, you know, to me, exclusive means only, but here where there is more than one occupant, how, I mean, does it necessary to show exclusive control of the gun? How do you get around there being passengers? Or, you know, in order to demonstrate exclusive control? I did not If I take a look, and it is the reason why I believe that there doesn't have to be exclusivity in constructive possession because in other, first of all, in other constructive possession cases, with drugs or whatever, constructive possession never has to be exclusive.  when I came across the Milam case, and I saw the fact that, well, you can still have constructive possession even if there is someone else in the vehicle, whether you want to call him a passenger, where he is located, or what have you, the fact that you've got another party in the vehicle doesn't destroy the constructive possession. So I never, I didn't entertain the thought that there was a requirement of exclusivity. Well, where was the gun in Milam? Milam was, they said, just because there was a passenger in the vehicle doesn't make a difference. But where was the gun? I don't recall. Because I can't recall right now. I don't recall. And I can't recall. And my other question about not having a Supreme Court case on point, is there a reason that we should not adopt or we should treat this situation differently than armed violence? A violent statute does require that close proximity has to be, you know, doesn't have, you know, immediately available. You know, you have one of the cases, you know, the car window is down and the defendant walks past that vehicle, never touches a gun, but they say he could have. You know, those kind of, it's got to be where it's right, where they can get it. Is there a reason that we should interpret this statute differently? And looking into that, the only thing that I think they can think of is the fact that what is the purpose of the armed violence statute? It's the use of a gun during the course of committing a felony that creates and endangers the defendant as well as bystanders. In this case, we're talking about possession. I think that the court's dispossession about a person in this particular statute and what it prohibits has given it a more expansive reading than armed violence because of the connection between armed violence and the danger and what the legis... I guess trying to take and implement legislative intent. And even though similar language is used, if the purpose of the statute is different from possession, it's because of that danger that I think that the courts have been more prone to take and really say, if you're going to take and charge armed violence to the state, you better make sure that that gun was somewhere where he could have actually used the gun against the victim. That's the only thing that I can think of as why that precipitates... Then with regard to prohibition of possession of a weapon by a felon, we're trying to prohibit felons from possessing weapons. We're not trying to sweep them into a circle when someone else is possessing the gun, are we? No, we're not trying to take and find them guilty because somebody else has got a gun. I mean, on your theory, what if the person in the third seat had the gun in his coat pocket? It would be about the same distance from the driver. But I don't think it... As when it now with respect to facts dictate around the case that we've been talking about, I think in that particular case, I think you would be looking at it in entirely different factors. Even though he's the driver, you've only got a patch in the car, the gun is in the person's coat. It's basically not... The guy's in the third seat, just like our guy, and you know, you've got the gun available to the guy in the third seat, so rather than have it under the seat, you've got it in his coat pocket. I think in that particular situation, the gun is being possessed by the passenger and in that case it's not being possessed by the driver. Even though the gun's the same distance from the driver. Right. To me, what that would do is that would do exactly what you said you shouldn't be doing, which is just trying to take and throw a general net over felons. By sitting to a gun, because basically we can think about Chicago and you've got a felon walking down the street and he could be in a McDonald's or he could be in a Uber car with somebody that's carrying a gun. I understand what you're saying. The reason I'm asking that is when Mary, when Justice McDade was asking about exclusive possession, when you have it in your coat pocket it's more like it's exclusive versus not. Well now you've just got it right where you've got your hand in the third seat and you've got the other guy three rows up in the driver's seat. Not able like in the other case to get up and turn around and grab a gun. Except the gun in the third seat in our case is honor about the person in the third seat. Can it be honor about both people? I would say yes. I'm sure you would. But the thing about it is the fact that what you're questioning kind of is that specific and because of the fact that I don't think that the possession has to be exclusive that's what drives my answer to you. And if your honor does determine that it's exclusively and because of that that's what the court's finding is going to take to be with respect to a lawless person. And then the question is whether or not if that's the interpretation, whether or not the evidence is sufficient or not that will be the decision of the court. I can only take and rely upon the case law that I have available to me to make my argument and that's what these cases provide. And the facts that you're stuck with. And the facts that I'm stuck with. Okay. All right. Are there any other questions? Thank you. Mr. Verrill, any rebuttal? No rebuttal. Thank you, your honor. We thank you both for your arguments today. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will stand in recess until June.